BO88

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

JUN – 2 2026

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA    )    Criminal No. 2:26-cr-99
                                                      )    (21 U.S.C. § 846)
            v.                                        )
                                                      )    **[UNDER SEAL]**
MARLEN COOPER                            )
TAYARRY SIMS                              )

## INDICTMENT

## COUNT ONE

The grand jury charges:

From in and around April 2025, to in and around June 2026, in the Western District of Pennsylvania and elsewhere, the defendants, MARLEN COOPER and TAYARRY SIMS, did knowingly, intentionally, and unlawfully conspire with each other, and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 841(a)(1); and the violation involved (1) 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance (Title 21, United States Code, Section 841(b)(1)(A)(ii)); and (2) a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance (Title 21, United States Code, Section 841(b)(1)(C)).

All in violation of Title 21, United States Code, Section 846.

## NOTICE OF SPECIAL FINDINGS

The grand jury further finds:

(1)    As to Count One of this Indictment, the defendant, MARLEN COOPER, was convicted of the following serious violent felony (as defined in 21 U.S.C. § 802(59)):

(a)    MARLEN COOPER was previously convicted of Voluntary Manslaughter, in violation of 18 Pa.C.S. § 2503(b) – The conviction occurred on or about August 25, 2006, in the Lawrence County (Pennsylvania) Court of Common Pleas, in Case Number 1451-2004; and

(b)    MARLEN COOPER served a term of imprisonment of more than 12 months for this conviction.

(2)    As to Count One of this Indictment, the defendant, TAYARRY SIMS, was convicted of the following serious drug felonies (as defined in 21 U.S.C. § 802(58)):

(a)    TAYARRY SIMS was previously convicted of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, in violation of 35 Pa.C.S. § 780-113(a)(30) – The conviction occurred on or about September 9, 2014, in the Lawrence County (Pennsylvania) Court of Common Pleas, in Case Number 143-2014;

(b)    TAYARRY SIMS served a term of imprisonment of more than 12 months for this conviction; and

(c)    TAYARRY SIMS was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment; and

(d)    TAYARRY SIMS was previously convicted of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, in violation of 35 Pa.C.S. § 780-113(a)(30) – The conviction occurred on or about November 18, 2005, in the

Lawrence County (Pennsylvania) Court of Common Pleas, in Case Number 393-2004;

      (e)     TAYARRY SIMS served a term of imprisonment of more than 12 months for this conviction; and

      (f)     TAYARRY SIMS was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

## FORFEITURE ALLEGATIONS

1.    The United States hereby notifies the defendants, MARLEN COOPER and TAYARRY SIMS, that upon conviction for the offense charged in this Indictment, the United States will seek forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c); that require any person convicted of committing the offense to forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, from the commission of such offense, and any property used, or intended to be used, in any manner to commit, and to facilitate the commission of, such offense.

2.    If, through any act or omission by the defendants, any or all of the property referenced in paragraph one above (hereinafter "the Subject Property"):

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred, sold to, or deposited with a third person;

c.    Has been placed beyond the jurisdiction of the Court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property, proceeds, or funds of the

4

defendants up to the value of the Subject Property referenced above, pursuant to Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

A True Bill,

FOREPERSON

TROY RIVETTI
United States Attorney
PA ID No. 56816

CRAIG W. HALLER
Assistant U.S. Attorney
PA ID No. 87714